ST. PAUL, Justice.
 

 The case is stated generally in the opinion ¡rendered on motion to dismiss. 173 La. 467, 137 So. 855.
 

 The opponent Hall is on the receiver’s account as a preferred creditor for $150; he claims he should be thereon for an additional $700.
 

 The controversy arises thus. When the receiver was appointed, he was authorized to continue the business as a going concern. The factory owed large sums to milkmen for milk furnished prior to the receivership. There was due to Hall about $700, and various sums to other milkmen. As the milkmen could not feed their cattle and pay their labor without funds, which they did not have, the receiver, though unauthorized, arranged to advance them the funds against future deliveries of milk, advancing in each instance approximately (or even exactly) the amount of the factory’s indebtedness at the time the receiver was appointed. Thereafter these milkmen were paid from month to month the exact amount of their deliveries during each
 
 month.
 

 Under this arrangement the milkmen stood as if they had been paid in full at all times; and, had this happy state of affairs continued, there would and could have been no complaint from any one.
 

 On the other hand, as to the receiver and according to his books, each milkman continued to be a creditor of the factory for the amount due him at the commencement of the receivership, and a debtor to the receiver for exactly the same amount as an advance made to him by the receiver.
 

 Again, had the receivership prospered and been able to pay out, this would have amounted to nothing of consequence, and in the end the two bookkeeping entries would have canceled each
 
 other.
 
 But the receivership did not prosper, and at the end of some 18 months succumbed to the fate that so often overtakes receiverships. The receiver reached the end of his rope, the milk bills for the last two or three months were not paid, and ultimately the receiver owed his milkmen as much, and more, than at the time he took charge.
 

 Then the assets of the receivership were sold and the receiver filed his account. He
 
 *853
 
 placed each milkman on his list of preferred creditors for the milk furnished, and not paid for, during the last few months; less, however, the amount which the receiver had advanced at the beginning.
 

 Every milkman accepted this situation, probably balancing the amount of his gains from the sale of milk during the 18 months of the .receivership against the loss of his original bill. But Hall, this opponent, refused to accept this situation, and now insists that the so-called advance was in fact a payment, and was so understood and accepted by him.
 

 Whatever may have been the ease with other milkmen, and whatever might have been the case had the receiver advanced the money to Hall, the latter thinking he was merely being paid, that is not the case presented by this record. It is this.
 

 Hall heard that the factory was paying off. He sent his feedman to get his money and the latter applied to the receiver for what was due Hall. The receiver told the feedman he could not pay the bill, but would advance the amount; that he, the receiver, would prepare a paper for I-Iall to sign, and, when this was signed, he would pay the money.
 

 The paper which the receiver prepared for Hall to sign was purely and simply an outright assignment by Hall of his claim to the feedman. And, when Hall had signed it, and it was delivered to the receiver, the receiver gave his check for the amount payable to the feedman; whereupon the feed-man collected the check and gave Hall credit for the amount thereof. And this was the end of the transaction so far as Hall was concerned. He simply passed out of the picture. Having assigned his claim, he was no longer a creditor of the factory, and never having received any money from the receiver, he was not a debtor of the receivership.
 

 In all of which we fail to see even the semblance of an advance by the receiver to Hall. The receiver asked Hall to assign his claim to the feedman; when 1-Iall did so, the receiver paid the feedman, and the feed-man of . course gave Hall credit for the proceeds of the assigned claim, since he had paid Hall nothing for it. And it is just simply impossible to see in the transaction even the vain shadow of an advance by the receiver to Hall, so that it would be idle to pursue the matter further.
 

 The trial judge was correct in maintaining Hall’s opposition.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is affirmed.